The ESTATE OF Cornelius STORY, Through Jeannie M. Story McNAIR, as Temporary Administratrix for the Estate of Cornelius Story; and The Next of Kin, through Terrell Taylor, a child of the deceased through Wanda Taylor, as next friend; Cornelius T. Burtley, a child of the deceased through Terri Burtley, as next friend; and Vanessa Dunn Story, as the spouse of the deceased, Plaintiffs,

v.

McDUFFIE COUNTY, GEORGIA, through Joyce Blevins in her official capacity as the Chair of the McDuffie County Commissioners; Logan Marshall, individually and in his official capacity as the Sheriff of McDuffie County, Georgia; Former Sheriff William Swain, in his official capacity as the Sheriff of McDuffie County, Georgia; Deputy Tom Luckey, individually and in his official capacity as a Deputy of the

McDuffie County, Georgia Sheriff's Department; John Doe Supervisor(s), whose names and numbers are unknown, individually and in the official capacity of each as a supervisor with the McDuffie County Sheriff's Department; Jointly and severally, Defendants.

Civil Action No. CV195–117.

United States District Court,
S.D. Georgia,
Augusta Division.

April 11, 1996.

John Paul Batson, Augusta, GA, for plaintiffs.

James W. Purcell and David Patrick Dekle, Fulcher, Hagler, Reed, Hanks & Harper, Augusta, GA, for defendants.

**1.** As an initial observation, the Court notes that Plaintiffs' counsel has failed to submit an original brief to defend against the present motion for summary judgment. Rather, he has simply resubmitted a brief used in a prior, unrelated case and asked the Court to insert the present Plaintiffs where the former are mentioned.

The case in which Plaintiffs' brief was initially used, *Estate of Worley v. Richmond County, Geor-*

## ORDER

ALAIMO, District Judge.

Plaintiffs have brought the present action seeking damages under 42 U.S.C. § 1983 and state law. With regard to their federal claims, Plaintiffs argue that the Fourth and Fourteenth Amendment rights of decedent, Cornelius Story, were violated.[1] Presently before the Court is Defendants' motion for summary judgment, under Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, Defendants' motion will be **GRANTED.**

*FACTS*

In the early morning hours of August 6, 1993, Deputy Tom Luckey of the McDuffie County, Georgia, Sheriff's Department was on routine patrol in his assigned district. While driving his cruiser, Deputy Luckey spotted an automobile which matched the description of a vehicle that was involved in the theft of gasoline from a Smile Gas Station. While he was not sure that the car was actually involved in the theft, Deputy Luckey turned his cruiser around so that he could perform a closer investigation.

However, as Deputy Luckey turned, the suspect vehicle violently accelerated, ran a stop sign, and almost rammed into a tractor-trailer truck as it turned north on Georgia Route 17. In response to these actions, Deputy Luckey activated his emergency lights and siren, but the vehicle refused to stop. Luckey then notified the dispatcher that a chase was in progress.

The chase proceeded north on Route 17, at times reaching speeds in excess of 100 miles per hour. In addition, the suspect car would

*gia,* Civil Case No. 192–008, unpublished (S.D.Ga, Nov. 21, 1995), also involved a high-speed police chase and contained identical Fourth and Fourteenth Amendment Claims. The Court finds it significant that all federal claims in the *Estate of Worley* decision were dismissed for failing to state a claim upon which relief could be granted.

periodically turn its lights on and off.[2] However, the chase soon came to an abrupt halt. As the suspect vehicle rounded a curve, the driver lost control, left the roadway, and wrecked. The driver, who was later identified as Cornelius Story, was ejected from the vehicle and fatally injured. While the distance between the suspect vehicle and Deputy Luckey's cruiser at the time of the accident is disputed, it is clear that the cruiser never came into contact with the Story automobile.[3]

## DISCUSSION

### I. Summary Judgment

■ Defendants have moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Summary judgment requires the movant to establish the absence of genuine issues of material fact, such that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153, 90 S.Ct. 1598, 1606, 26 L.Ed.2d 142 (1970); *Lordmann Enterprises, Inc. v. Equicor, Inc.*, 32 F.3d 1529, 1532 (11th. Cir.1994). Material facts are only those facts that legitimately affect the legal result of the case. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ After the movant meets this burden, "the non-moving party must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." *Howard v. BP Oil Co., Inc.*, 32 F.3d 520, 524 (11th Cir.1994), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The non-moving party to a summary judg-

ment motion need make this showing only after the moving party has satisfied its burden. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). The Court should consider the pleadings, depositions and affidavits in the case before reaching its decision. Fed.R.Civ.P. 56(c). All reasonable inferences will be made in favor of the non-movant. *Griesel v. Hamlin*, 963 F.2d 338, 341 (11th Cir.1992).

### II. Claims against Deputy Luckey

#### A. Fourth Amendment Claims

■ Plaintiffs' first claim asserts that Deputy Luckey violated Story's right to be free from unreasonable seizures effected by the State as guaranteed under the Fourth Amendment[4] of the United States Constitution. In analyzing this claim, it is significant that Plaintiffs have not alleged any contact between Story's car and Deputy Luckey's cruiser or that Story voluntarily stopped his vehicle. By admitting these facts, Plaintiffs have foreclosed Fourth Amendment analysis of this case as a matter of law.

In a Sixth Circuit case, a Tennessee Police officer observed thirteen year old Matthew Galas driving a car at a speed in excess of the legal limit. *Galas v. McKee*, 801 F.2d 200 (6th. Cir.1986). A chase ensued when the young driver refused to pull over. *Id.* at 202. Like the case at hand, the chase ended when the minor crashed the car and suffered serious and permanent injuries. *Id.* In its review of the case, the Sixth Circuit stated, "the reasonableness of a seizure or method of seizure cannot be challenged under the Fourth Amendment unless there was a completed seizure (that is, a restraint on the

---

**2.** Officer Luckey states that the lights were turned off in an effort to elude capture. Plaintiffs' counsel has speculated that this action could have actually been taken in a effort to surrender. How one surrenders at speeds in excess of 100 miles per hour is not immediately apparent to the Court. Plaintiffs admit, however, that the driver never voluntarily stopped his vehicle or submitted to the authority of Deputy Luckey.

**3.** While Deputy Luckey states that he was at least a quarter mile behind the suspect vehicle, Plaintiffs have submitted an affidavit by an eye witness, Jenny Maddox, claiming that Deputy Luckey's cruiser was only three to five car lengths behind at the time of the accident. As this case is before the Court on a motion to dismiss, the Court will assume the facts as stated by Plaintiffs.

**4.** As applied to the States through the Fourteenth Amendment.

individual's freedom to leave), accomplished by means of physical force or show of authority." *Id.* at 203. The soundness of this reasoning was confirmed when the Supreme Court stated that no unconstitutional seizure occurred under the facts presented in the *Galas* case. *Brower v. County of Inyo,* 489 U.S. 593, 595, 109 S.Ct. 1378, 1380–81, 103 L.Ed.2d 628 (1989).

The *Brower* Court went on to elaborate more clearly on the conditions necessary for there to be a seizure under the Fourth Amendment. The Court stated that there was not a Fourth Amendment seizure every time the government caused the termination of a person's freedom of movement, even if a termination was intended. *Id.* at 596, 109 S.Ct. at 1381. Rather, the Court found that seizure is effected "only when there is a governmental termination of freedom of movement *through means intentionally applied.*" *Id.* (emphasis supplied). *See also California v. Hodari D.,* 499 U.S. 621, 629, 111 S.Ct. 1547, 1552, 113 L.Ed.2d 690 (1991).

If law enforcement officers attempt to stop a fleeing suspect by forcing his automobile off the road, they have effectuated a seizure for purposes of the Fourth Amendment. In *Brower,* police stopped a fleeing suspect after a twenty mile chase by the use of a road block. *Brower,* at 594, 109 S.Ct. at 1380. The officers placed a semi-trailer truck lengthwise across a two-lane road upon which they knew the suspect would be traveling. *Id.* The trailer was intentionally placed after a curve and a patrol car's lights were shown down the highway so that the approaching suspect would be blinded. *Id.* Under these circumstances, the Court ruled that the impact, which killed the suspect, was a seizure for purposes of the Fourth Amendment. *Id.* at 599, 109 S.Ct. at 1382–83.

The *Brower* facts, however, are materially different from those presented in the case at bar. While Plaintiffs claim that Deputy Luckey intentionally forced Story off the

road, no evidence has been presented to support this claim. Putting the evidence in the light most favorable to Plaintiffs, Story crashed after going around a curve at an extremely high rate of speed. His car was never bumped or touched, and Deputy Luckey kept at least three to five car lengths between himself and Story. Under these circumstances, the Court concludes that there was no governmental termination of Story's freedom of movement. As such, there has been no seizure prohibited by the Fourth Amendment.

■ Plaintiffs also argue, however, that even if there was no seizure, Story was searched in violation of his Fourth Amendment rights.[5] This confused argument merits little attention. A search is defined as "an act of searching, scrutiny, inquiry, or examination in an attempt to find something, gain knowledge, establish facts, etc." *Webster's New World Dictionary,* 1210 (3rd. college ed. 1988). Chasing a vehicle is not the same as searching it. There is neither case law nor logic which supports Plaintiffs' position. Therefore, the Court has little trouble in concluding that no search occurred.

Plaintiffs have failed to demonstrate that Story was the victim of an illegal search or seizure. Accordingly, Defendants are entitled to summary judgment with respect to Plaintiffs' Fourth Amendment claims.

### B. Fourteenth Amendment Claims

Plaintiffs also contend that Story's crash amounted to an unconstitutional taking of his liberty and property interests in violation of the Due Process Clause. Both parties have argued various theories for the requirements of liability under the Fourteenth Amendment. Defendants have asserted that the Court should follow the reasoning of the Third Circuit. In a recent case, where a high-speed police chase resulted in the death of innocent third parties, the court held that the substantial component of the Due Pro-

---

**5.** Because Plaintiffs' counsel failed to file an original brief, it is unknown if Plaintiff really intended to assert this argument in this case.

cess Clause can be violated when a police officer's abuse of power rises to a level that "shocks the conscience." *Fagan v. City of Vineland,* 22 F.3d 1296 (3rd. Cir.1994). The court then went on to approve the dismissal of plaintiff's constitutional claims under that standard. *Id.* Defendants argue that the "shocks the conscience" standard should be applied by this Court due to binding Eleventh Circuit precedent. *See Gilmere v. City of Atlanta, Georgia,* 774 F.2d 1495 (11th Cir.1985).

■ However, Defendants' argument ignores the recent Eleventh Circuit opinion, *McKinney v. Pate,* 20 F.3d 1550 (11th Cir. 1994) *cert. denied,* —— U.S. ——, 115 S.Ct. 898, 130 L.Ed.2d 783. In that decision, Chief Judge Tjoflat stated that what "shocks the conscience" of a particular federal judge is not a proper test for determining when the Fourteenth Amendment has been violated in a civil case for money damages." *Id.* at 1556 n. 7. Indeed, under the holding of *McKinney,* only "fundamental" rights "implicit in the concept of ordered liberty" are protected by the substantive component of the Due Process Clause. *Id. citing, Palko v. Connecticut,* 302 U.S. 319, 325, 58 S.Ct. 149, 151–52, 82 L.Ed. 288 (1937). For the most part, these rights can be found enumerated in the Constitution.

■ Given this standard, the Court is forced to conclude that Plaintiffs are barred as a matter of law from asserting a claim under the Fourteenth Amendment. The Constitution does not create and the Supreme Court and the Eleventh Circuit have never found a right which prohibits the use of high-speed in an attempt to apprehend suspects who have resisted arrest by illegally fleeing in an automobile.

This order does not stand for the proposition that police officers are above the law and cannot be held accountable. Rather, it merely affirms that not all actions rise to the level of a Constitutional violation. *Dollar v. Haralson County, Georgia,* 704 F.2d 1540, 1544 (11th Cir.1983) *citing, Parratt v. Taylor,* 451

U.S. 527, 544, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981) (overruled on other grounds). The law of Georgia provides an adequate basis for Plaintiffs to seek recovery against Deputy Luckey. Plaintiffs must pursue recovery on that basis, for they have failed to meet the requirements for a claim under the Fourteenth Amendment. Defendants are entitled to summary judgment on this issue.

### III. Claims Against McDuffie County and All other Defendants

■ In the complaint, Plaintiffs have also asserted the same Constitutional claims against McDuffie County, Sheriff Marshall, former Sheriff Swan, and various unnamed supervisors. Plaintiffs claim that these Defendants had the duty to investigate police automobile pursuit practices. Plaintiffs argue that these Defendants established a pursuit policy, practice, custom or usage that violated Story's Fourth and Fourteenth Amendment rights.

Deputy Lucky's actions, however, did not involve a Constitutional deprivation. Therefore, the Court finds no evidence to support Constitutional claims against any Defendant. No policy, practice, custom or usage can act to violate one's rights, when no underlying constitutional deprivation has been shown. *City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986); *Linder v. Richmond County, Georgia,* 844 F.Supp. 764, 768–69 (S.D.Ga.1994) *aff'd* 38 F.3d 574 (11th Cir.1994).

### IV. State Law Claims

■ Plaintiffs appear to have alleged state law negligence and assault claims against Deputy Luckey. They also claim that the remaining Defendants should be liable under the theory of *respondeat superior.* Since the events involved in this litigation did not result in the injury or death of innocent third parties, Defendants have asserted that all state law claims should be barred as a matter of law. This, however, is an issue that has not been determined under the laws of Georgia.

The Court believes that this state law issue is best left to the Courts of Georgia. As all federal claims have been dismissed, the Court declines to retain discretionary supplemental jurisdiction over the remainder of this case. *See* 28 U.S.C. § 1367(c)(3). All state law claims are **DISMISSED WITHOUT PREJUDICE.**

*CONCLUSION*

Since Deputy Luckey's actions did not amount to a deprivation of Story's rights, Defendants' motion for summary judgment is **GRANTED** with respect to the Constitutional claims against them. Plaintiffs' state law claims are **DISMISSED WITHOUT PREJUDICE.** The Clerk is directed to enter an appropriate judgment.

**SO ORDERED.**